Richards, J.
This is an original action in mandamus filed in this court on June 19, 1916. The defendant has filed a demurrer, to the petition. The petition sets forth, in substance, that the relator, William E. Stiles, is a duly elected and acting constable in and for Washington township, Lucas county, and the defendant, Gabe Cooper, the auditor of the county, and that in February, 1916, Oscar Redding, a justice of the peace in said township, duly issued and delivered to relator a warrant for the arrest of a certain defendant upon a charge that such defendant was neglecting his minor children, in violation of Section 12970, General Code. The petition further avers that the relator, in obedience to the command of the warrant, arrested said defendant and brought him before the justice of the peace, and that thereupon the defendant waived, in writing, a trial by jury, and was tried before said justice of the peace and adjudged to be not guilty and was discharged from ■ custody. The petition further avers that the fees taxed on behalf of this relator by the justice of the peace for pursuing and arresting the defendant, and subpoenaing witnesses, 'are the same as those allowed by law to the sheriff in -criminal cases, as provided for in Section 13436, General Code; that all other fees therein taxed are the fees allowed by law to constables as provided for by Section 3347, General Code, the total fees taxed in favor of relator being $3.80; and that this amount was duly certified by the justice of the peace- to the defendant as county auditor. The relator further avers that there has been heretofore taxed in his favor by said justice of the peace, under Section *220 13439, General Code, during the year 1916, as fees in criminal cases brought before said justice of the peace wherein the defendants were charged with neglecting their minor children, the aggregate sum of $103.05. Relator avers that the defendant as county auditor neglects and refuses to issue a warrant in the amount of $3.80 in favor of relator, on the treasury of Lucas county, and he prays that said defendant may be compelled to issue his warrant in favor of the relator for said sum.
The action is brought to determine the construction of the statutes relative to fees of constables where defendants are prosecuted for the neglect of minor children. The provisions of the General Code which bear on the matter in controversy are Sections 3016, 3017, 3019, 13436 and 13439. The first three sections cited supra have been embodied in the statutes of the state for many years and cover prosecutions under the general criminal laws of the state. Section 3019, General Code, is limited in its operation by its terms to felonies wherein the state fails, and to misdemeanors wherein the defendant proves insolvent, and the limitation of $100 which may be allowed to a constable in any one year is for services in the class of cases therein enumerated. No provision is made therein for any class of cases except the ones mentioned, to-wit, “felonies wherein the state fails” and “misdemeanors where the defendant proves insolvent.” The case set forth in the petition in mandamus does not fall within either of these classes. The sections of the General Code from *221 13432 to 13440, inclusive, were originally Section 3718a, Revised Statutes, first enacted in the year 1884, and were applicable to prosecutions for cruelty to children or animals, and for adulteration of food, etc. . In that class of cases the general assembly saw fit to authorize prosecutions without empowering the magistrate to require security for costs, and to allow to constables increased fees for services in such cases, making the same allowances to such officer as are provided for sheriffs.
To further stimulate the prosecution of such offenses Section 13439, General Code, not only dispenses with the duty of giving security for costs, but provides that if the defendant be acquitted or discharged, or convicted and committed in default of paying fine and costs, “all costs of such case shall be certified under oath by the trial magistrate to the county auditor, who, after correcting errors therein, shall issue a warrant on the county treasury in f'avor of the person to whom such costs and fees are payable.” This section of the General Code and the allied sections are in effect a supplement to Sections 3017 and 3019, General Code, and cover cases not embraced within those sections.
We find no limitation in the General Code as to the amount which may be allowed in any one year to a constable for services rendered under Sections 13436 and 13439, General Code. The provisions of the code fixing salaries for sheriffs and authorizing annual allowances to them in certain cases have nothing to do with the amount provided by statute for constables.
*222 The demurrer to the petition will be overruled, and judgment awarding a writ of mandamus entered for the plaintiff.

Writ allowed.

Chittenden and Kinkade, JJ., concur.